THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA, | CASE NO. C16-0799-JCC |
| Plaintiff-in-Interpleader, | ORDER OF DISMISSAL |
| v. | |
| MARYANNAH O'CONNOR and THERESA WYSONG, | |
| Defendants-in-Interpleader. | |

This matter comes before the Court on the motion to dismiss by Plaintiff-in-Interpleader Sun Life Assurance Company of Canada (Dkt. No. 22). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.   BACKGROUND

Plaintiff-in-Interpleader Sun Life Assurance Company of Canada issued a group insurance policy to Rockwood Service Corporation as part of an employee welfare benefit plan. (Dkt. No. 1 at 2.) The Insured, David O'Connor, was a Rockwood employee and acquired coverage for certain benefits under this plan, including life insurance. (*Id.*) The Insured's wife, Defendant-in-Interpleader Theresa Wysong, was the primary beneficiary for his group life insurance benefit. (*Id.*)

ORDER OF DISMISSAL
PAGE - 1

On May 29, 2015, the Insured turned 65 and lost coverage under the Rockwood group policy. (*Id.*) On June 16, 2015, Sun Life sent the Insured a letter and application allowing him to convert his group coverage into an individual policy. (*Id.*) The Insured had until July 16, 2015, to return this application to Sun Life. (*Id.* at 3.)

On July 2, 2015, the Insured signed the application. (*Id.*) On July 13, 2015, the Insured submitted the application converting the group coverage to an individual policy ("the Policy") and paid the associated premium. (*Id.*) The primary beneficiary listed on the Policy was the Insured's daughter, Defendant-in-Interpleader Maryannah O'Connor. (*Id.*) The contingent beneficiary was the Insured's son, John O'Connor. (*Id.*) The Policy was issued to the Insured in the amount of $150,000.00. (*Id.*)

On July 22, 2015, the Insured passed away. (*Id.*) On July 23, 2015, Sun Life received a fax from the Insured's son, Israel O'Connor. (*Id.*; *see also* Dkt. No. 24-1 at 4.) The fax included a copy of the Insured's July 2 conversion application, as well as the Insured's signed and notarized declaration purporting to revoke "any and all power of attorney documents" that Wysong had over the Policy. (Dkt. No. 1 at 3.) The Insured indicated that he wanted to keep his daughter Maryannah as the Policy's primary beneficiary and his son John as the secondary beneficiary.[1] (*Id.*) The Insured's declaration is dated July 22, 2015. (*Id.*) Three witnesses attested to witnessing the declaration: John O'Connor, Israel O'Connor, and Jeff Heckman. (*Id.*)

On August 21, 2015, Sun Life sent a letter to Maryannah O'Connor providing her instructions on how to file a claim under the Policy. (*Id.* at 3.) That day, Sun Life also sent the same instructions to Wysong, at Wysong's request. (*Id.* at 3-4.)

On August 31, 2015, Wysong sent a letter to Sun Life making a claim for the Insured's life insurance proceeds. (*Id.* at 4.) Wysong stated that she was the primary beneficiary under the group policy; that she had been removed as a beneficiary when the group policy was converted; that the Insured was incapable of changing the beneficiaries because of his declining physical

---

[1] At times, the Court uses first names for the sake of clarity. No disrespect is intended.

and mental health; and that the Insured's children took advantage of the Insured's condition to influence him to remove Wysong as the primary beneficiary on the group policy and replace her with his children on the individual policy. (*Id.*)

On October 12, 2015, Maryannah O'Connor also made a claim to the insurance proceeds under the Policy. (*Id.*)

Sun Life was thus unsure as to the proper recipient of the Policy proceeds. (*Id.* at 4-5.) Sun Life filed a complaint for interpleader on May 31, 2016. (*Id.*) On September 9, 2016, per the Court's order, Sun Life deposited the insurance proceeds plus interest into the court registry. (Dkt. No. 14 at 1.) Sun Life now asks the Court to dismiss Sun Life from this case with prejudice, to "enter an order discharging Sun Life from any and all liability arising out of the subject life insurance policy and proceeds," and to award Sun Life its reasonable fees and costs. (Dkt. No. 22 at 1.)

Wysong opposes the motion, arguing that Sun Life may have been negligent in processing the change of beneficiary request. (Dkt. No. 24 at 2.) Wysong asks the Court to dismiss Sun Life without prejudice, to find that Sun Life is not discharged from future liability, and to deny Sun Life fees and costs. (*Id.* at 1.) In the alternative, Wysong asks the Court to "stay any dismissal for a period of 90 days so that Ms. Wysong can better assess through discovery the nature of the information Sun Life had at its disposal when it accepted improperly obtained documents that changed [the Insured]'s insurance policy to Ms. Wysong's detriment." (*Id.* at 3.)

## II. DISCUSSION

"In an interpleader action, the 'stakeholder' of a sum of money sues all those who might have claim to the money, deposits the money with the district court, and lets the claimants litigate who is entitled to the money." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1265 (9th Cir. 1992). The Court first determines whether there is a single fund at issue with two or more adverse claims to the fund. *Mack v. Kuckenmeister*, 619 F.3d 1010, 1023 (9th Cir. 2010). The Court then determines the respective rights of the claimants. *Id.* at 1023-24.

The purpose of this type of action is to shield the uninterested stakeholder from the cost of multiple litigations by parties with competing claims. *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000). "Once the adverse parties are interpleaded to a single fund, disinterested stakeholders may be dismissed, and courts may issue injunctions to protect stakeholders from duplicative litigation from the adverse parties." *N.Y. Life Ins. Co. v. Bostwick*, 2015 WL 4484305 at *2 (W.D. Wash. July 22, 2015); *see also* 28 U.S.C. § 2361.

However, the "federal interpleader remedy does not shield a negligent stakeholder from tort liability for its creation of a conflict over entitlement to the interpleaded funds." *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1014 (9th Cir. 2012). Rather, "a claimant may seek to recover all damages directly and proximately caused by the negligent stakeholder's conduct." *Id.* This is "consistent with the general principles of interpleader, namely, that a disinterested stakeholder may not be subjected to liability for its failure to resolve the controversy over entitlement to the stake in one claimant's favor, but that a stakeholder whose alleged tort caused the controversy is not absolved of liability by filing an interpleader action." *Id.*

It is clear that Sun Life should be discharged from any liability as to payment of the proceeds, given that it has deposited such funds into the Court Registry. (Dkt. No. 14.) However, according to Wysong, Sun Life's negligence might have caused the conflict over the funds, and Wysong "is presently considering a counterclaim against Sun Life" under theories such as breach of contract, violation of the Consumer Protection Act, and violation of the Insurance Fair Conduct Act. (Dkt. No. 24 at 6.) Under *Lee*, a party may properly bring such counterclaims in an interpleader case.

However, this case has been pending for over nine months with no definitive indication from Wysong that she would file any counterclaims and, if so, what such counterclaims would be. (*See* Dkt. No. 1) (complaint filed May 31, 2016). Wysong did not file an answer asserting any counterclaims within 21 days of being served with the summons and complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). And the pleading amendment deadline—which was set on October 18,

2016—passed on March 3, 2017. (*See* Dkt. No. 17.) Any counterclaims asserted at this time would plainly be untimely. *See* Fed. R. Civ. P. 15(a)(2) (once 21 days have passed after service, "a party may amend its pleading only with the opposing party's written consent or the court's leave"); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

Wysong offers no reason for her untimeliness or any good cause to extend these deadlines. Nor can the Court envision any. Wysong's concerns about the propriety of the beneficiary change were evident before this action was filed, as shown in her August 2015 letter to Sun Life. (*See* Dkt. No. 1-1 at 30-31.) And Wysong has been on notice since May 2016 that Sun Life sought to be discharged of any liability. (*See* Dkt. No. 1 at 5.) Due to her untimeliness, Wysong waived her right to assert counterclaims against Sun Life in this action. Accordingly, the Court declines to issue a stay and finds it appropriate to dismiss Sun Life from this case with prejudice.

The Court further finds it appropriate to award Sun Life its reasonable attorney fees and costs. *See Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir. 1962) ("We think that the proper rule, in an action in the nature of interpleader, is that the plaintiff should be awarded attorney fees for the services of his attorneys in interpleading."); *Trs. of Dirs. Guild of Am.-Producer Pension Benefits Plan v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000) ("[T]he availability of attorneys' fees for interpleader plaintiffs recognizes that by bringing the action, the plaintiff benefits all parties by promoting early litigation on the ownership of the fund, thus preventing dissipation."). This award shall include "those fees that are incurred in filing the action and pursuing the plan's release from liability," *Tise*, 234 F.3d at 426, which here would also include the fees and costs incurred in bringing the present motion. The Court particularly finds such an award appropriate where Wysong's lack of diligence required further litigation on Sun Life's part.

## III.  CONCLUSION

For the foregoing reasons, Sun Life's motion to dismiss (Dkt. No. 22) is GRANTED. Sun Life is DISMISSED from this action with prejudice. Sun Life is discharged from all further liability to the Defendants-in-Interpleader with respect to the Policy proceeds.[2]

Sun Life is AWARDED its reasonable fees and costs in bringing this action and in moving to dismiss. Sun Life is DIRECTED to submit an accounting of its fees within 7 days of this order's issuance and to note the accounting as a third-Friday motion, *see* W.D. Wash. Local Civ. R. 7(d)(3), to give Defendants-in-Interpleader an opportunity to be heard on reasonableness.

DATED this 9th day of March, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] Although the Court concluded that Wysong may not assert counterclaims in this case, the Court makes no determination as to whether her potential claims based on Sun Life's negligence were compulsory counterclaims that must have been brought in this proceeding. The parties did not brief that issue and it was not necessary to resolve at this time.