THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14

SUN LIFE ASSURANCE COMPANY
OF CANADA,

Plaintiff-in-Interpleader,

v.

MARYANNAH O'CONNOR, *et al.*,

Defendants-in-Interpleader.

CASE NO. C16-0799-JCC

ORDER

15
16
17
18
19
20
21
22
23
24
25
26

This matter comes before the Court on Plaintiff-in-Interpleader Sun Life Assurance
Company of Canada's motion for attorney fees and costs (Dkt. No. 29) and motion to seal (Dkt.
No. 28). On March 9, 2017, the Court awarded Sun Life reasonable fees and costs for bringing
this action and in moving to dismiss, and directed Sun Life to submit an accounting of its costs.
(Dkt. No. 27.) Sun Life submitted an accounting and incurred $27,511.02 in fees and costs. (Dkt.
No. 29 at 1–2; Dkt. No. 30.) However, Sun Life has voluntarily agreed to reduce its request to
$20,000. (Dkt. No. 29 at 2.) Sun Life also filed a motion to seal an exhibit containing "attorney
billing records, which generally reflect sensitive and confidential decisions and strategies
undertaken on behalf of Sun Life as part of the attorney-client relationship." (Dkt. No. 28 at 1.)
Defendants-in-Interpleader did not oppose either motion and the Court construes this lack of
opposition as an admission the motions have merit. *See* W.D. Wash. Local Civ. R. 7(b)(2).

ORDER
PAGE - 1

1  In order to award attorney fees and costs, the Court must determine whether the requested

2  number of hours is the same number of hours that reasonably competent counsel would have

3  billed. *Albion Pac. Prop. Res., LLC v. Seligman*, 329 F. Supp. 2d 1163, 1169 (N.D. Cal. 2004).

4  Second, the Court must determine if the hourly rate requested is reasonable. *Id.* The Court

5  concludes that due to the unforeseen complexities of this case, namely complications with

6  service on and communications with an active duty Defendant-in-Interpleader and a contested

7  motion to dismiss, the amount of hours spent on this matter, 81 hours, (Dkt. No. 29 at 4), was

8  reasonable. The Court also concludes that the hourly rates, ranging between $285–$390, (*id.*), are

9  reasonable because they are within the range of standard rates charged by attorneys in the Seattle

10  area. Therefore, the requested attorney fees and costs are reasonable, especially in light of Sun

11  Life's voluntary reduction. The Court GRANTS the motion for attorney fees.

12  When evaluating a motion to seal, the Court starts from the position that "[t]here is a

13  strong presumption of public access to [its] files." W.D. Wash. Local Civ. R. 5(g)(3); *see also*

14  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, a particularized showing

15  of good cause will suffice to warrant sealing documents attached to non-dispositive motions.

16  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Here, Sun Life

17  has demonstrated good cause to seal the exhibit to its motion because the exhibit contains

18  attorney-client relationship material. Therefore, the Court GRANTS the motion to seal.

19  For the foregoing reasons, Sun Life's motion for attorney fees and costs (Dkt. No. 29)

20  and motion to seal (Dkt. No. 28) are GRANTED. Sun Life is AWARDED $20,000 in attorney

21  fees and costs and the exhibit filed under seal, Dkt. No. 31, will remain SEALED.

22  DATED this 25th day of April 2017.

23

24

25

26  John C. Coughenour
    UNITED STATES DISTRICT JUDGE